IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JACQUELINE HORNE PARKER,     )
                             )
            Plaintiff,        )
                             )
      v.                     )    CIVIL ACTION NO.: CV213-137
                             )
                             )
CAROLYN W. COLVIN, Acting    )
Commissioner of Social Security, )
                             )
            Defendant.        )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge John R. Mason ("the ALJ") denying her claim for a period of disability and disability insurance benefits. Plaintiff urges the Court to reverse the ALJ's decision and award benefits or remand to the AJL to consider Plaintiff's allegation of depression and reassess her residual functional capacity. Defendant asserts the Commissioner's decision should be affirmed.

Plaintiff filed a Title II application for a period of disability and disability insurance benefits on March 16, 2010, alleging that she became disabled on February 8, 2009. (Doc. 13, p. 2; Doc. 7-5, p. 2). The claims were initially denied on September 24, 2010, and upon reconsideration on January 27, 2011. (Doc. 7-3, pp. 2-3). Plaintiff filed a written request for a hearing on February 9, 2011. (Doc. 7-2, p. 61). Plaintiff testified at a hearing held on October 6, 2011. Id. The ALJ's December 7, 2011, decision found

that Plaintiff was not disabled within the meaning of the Social Security Act. Id. at 67. The Appeals Council denied review on July 21, 2013, and the decision of the ALJ became the final decision of the Commissioner for judicial review. Id. at 2.

Plaintiff, born on November 25, 1964, was forty-seven (47) years old when the ALJ issued his final decision. She is a high school graduate, completed cosmetology school, and has past work experience as a manager, correctional officer, and jailer. Id. at 65; Doc. 13, p. 3; Doc. 8, pp. 20, 28.

## **ALJ'S FINDINGS**

Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person is disabled. 20 C.F.R. §§ 404.1520 and 416.920; Bowen v. Yuckert, 482 U.S. 137, 140 (1987). The first step determines if the claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments. Id. at 140-41. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d) and 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). If the impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled. Yuckert, 482 U.S. at 141. If the impairment does not meet or equal

one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work. Id. If the claimant is unable to perform her past relevant work, the final step of the evaluation process determines whether she is able to make adjustments to other work in the national economy, considering her age, education, and work experience. Phillips, 357 F.3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. Yuckert, 482 U.S. at 142.

In the instant case, the ALJ followed this sequential process to determine that Plaintiff had not engaged in substantial gainful activity during the period from her alleged onset date of February 8, 2009. (Doc. 7-2, p. 63). At step two, the ALJ determined that Plaintiff had bilateral carpal tunnel syndrome, coronary artery disease, and obesity. Id. These impairments are considered "severe" under the Regulations. However, the ALJ determined that Plaintiff's medically determinable impairments did not meet or medically equal the severity of a listed impairment. Id. The ALJ found that Plaintiff had the residual functional capacity to perform medium work, except that she can only occasionally climb ladders, ropes, and scaffolds. Id. At the next step, the ALJ determined that Plaintiff was unable to perform any past relevant work as a manager or correctional officer. Id. at 65. However, at the fifth and final step, the ALJ determined that, considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs which exist in significant numbers in the national economy that she can perform. Id. at 66.

AO 72A
(Rev. 8/82)

## ISSUE PRESENTED

Plaintiff contends that the ALJ erred by failing to make every reasonable effort to obtain the opinion of a qualified psychiatrist or psychologist and order a consultative psychiatric examination concerning Plaintiff's alleged depression. Plaintiff asserts that the Appeals Council did not properly consider the entire record, including new evidence provided by Plaintiff, in determining whether the ALJ's findings, actions, and conclusions were contrary to the weight of the evidence.

## STANDARD OF REVIEW

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Walden v. Schweiker, 672 F.2d 835, 838-39 (11th Cir. 1982). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d at 1210. In its review, the court must also determine whether the ALJ or

4

Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

## DISCUSSION AND CITATION TO AUTHORITY

I. **Plaintiff's assertion that the ALJ erred by failing to obtain a qualified psychiatrist or psychologist opinion and order a consultative psychiatric examination.**

"An initial determination . . . that an individual is not under a disability, in any case where there is evidence which indicates the existence of a mental impairment, shall be made only if the Commissioner of Social Security has made every reasonable effort to ensure that a qualified psychiatrist or psychologist has completed the medical portion of the case review and any applicable residual functional capacity assessment." 42 U.S.C. § 421(h). The Eleventh Circuit Court of Appeals in McCall v. Bowen, 846 F.2d 1317 (11th Cir. 1988), determined that a plaintiff's testimony of mental problems and suggestions by her treating physicians may be enough evidence to require the appointment of a psychiatrist or psychologist pursuant to § 421(h). 846 F.2d at 1320.

For ordering consultative examinations, 20 C.F.R. § 404.1519a provides that, an examination may be ordered when the ALJ "cannot get the information we need from your medical sources." 20 C.F.R. § 404.1519a(a). Examinations may be ordered "to resolve an inconsistency in the evidence, or when the evidence as a whole is insufficient to allow . . . a determination or decision on [a] claim." 20 C.F.R. § 404.1519a(b). Some situations include

> (1) The additional evidence needed is not contained in the records of your medical sources; (2) The evidence that may have been available from your treating or other medical sources cannot be obtained for reasons beyond your control, such as death or noncooperation of a medical

5

source; (3) Highly technical or specialized medical evidence that we need is not available from your treating or other medical sources; or (4) There is an indication of a change in your condition that is likely to affect your ability to work, but the current severity of your impairment is not established.

Id. "In fulfilling his duty to conduct a full and fair inquiry, the administrative law judge is not required to order a consultative examination unless the record establishes that such an examination is necessary to enable the administrative law judge to render a decision." Ford v. Sec'y of Health and Human Serv., 659 F.2d 66, 69 (11th Cir. 1981) (citation omitted). However, the Social Security Disability Benefits Reform Act of 1984, "appears to require a consultative examination on less evidence than may have been required previously." McCall, 846 F.2d at 1320.

Here, Plaintiff asserts that the ALJ erred in failing to obtain a psychiatrist or psychologist opinion or order a consultative examination in accordance with the provisions of the Act. In McCall, plaintiff's physician's suggested that she might be suffering from a psychological condition and informed her that she suffered from "anxiety and nerves and a lot of stress . . . [and] was somewhat apprehensive[.]" 846 F.2d at 1320. Even with this evidence, the court in McCall determined that this "may" be enough evidence to require action pursuant to § 421(h). Id. The plaintiff in Ford, testified to her trouble sleeping, crying spells, and nervousness and her physician had prescribed her medication for nervousness. 659 F.2d at 69. In addition, the plaintiff offered a medical report stating that she was emotionally unstable and unable to work due to her mental and physical condition. Id.

AO 72A
(Rev. 8/82)

Unlike these cases, Plaintiff offered no objective evidence, until after the ALJ's decision, suggesting that she suffered from a mental or emotional impairment.[1] Thus, the ALJ's decision that there was not enough evidence to require the appointment of a psychiatrist or psychologist nor was it necessary to order a consultative examination is supported by substantial evidence.

Plaintiff asserts that she does not dispute the ALJ's findings regarding Plaintiff's medical impairments, except to the extent that the ALJ's opinion fails to address whether and to what extent her residual functional capacity is affected by depression. In determining whether a claimant's physical and mental impairments are severe, the ALJ must consider the combined effect of all the claimant's impairments, "without regard to whether any such impairment, if considered separately, would be of such severity;" and if the ALJ finds a severe combination of impairments, the ALJ must consider the combined impact of the impairments "throughout the disability determination process." 42 U.S.C. § 423(d)(2)(B). "[T]he ALJ should consider each impairment singularly and in combination to determine disability." Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986).

"In order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citation omitted). "If the ALJ discredits subjective

---

[1] A physical consultative examination was performed. (Doc. 9, p. 46-50). However, Plaintiff submitted objective medical records concerning her physical conditions.

7

testimony, he must articulate explicit and adequate reasons for doing so." Id. (citation omitted). "After considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence." Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992) (citation omitted). "If the ALJ refused to credit subjective pain testimony where such testimony is critical, he must articulate specific reasons for questioning the claimant's credibility." Id. (citation omitted).

Plaintiff testified that she has been "very depressed," but that she had not received any treatment, although she stated, "I need it." (Doc. 7-2, pp. 39, 53). The ALJ articulated reasons for discrediting Plaintiff's statements. The ALJ found that Plaintiff's statements were not supported by the medical evidence provided. The ALJ stated that, "[i]impairment cannot be based solely on the claimant's reported symptoms, but must be supported by objective findings." Id. at 65. In addition, the ALJ gave Plaintiff time, after the hearing to provide supporting documentation, but stated that she failed to do so. As Plaintiff admitted she had not received any treatment for depression, there was no objective evidence in the record to support this allegation. The ALJ determined that the evidence did not support any further reduction to the residual functional capacity. This decision is supported by substantial evidence.

II. **Plaintiff's assertion that the Appeals Council erred by not considering the entire record, including new evidence provided by Plaintiff, in determining whether the ALJ's findings, actions, and conclusions were contrary to the weight of the evidence.**

"With a few exceptions, the claimant is allowed to present new evidence at each stage of this administrative process." Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1261 (11th Cir. 2007) (citing 20 C.F.R. § 404.900(b)). "The Appeals Council must

8

AO 72A
(Rev. 8/82)

consider new, material, and chronologically relevant evidence and must review the case if 'the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.'" Id. (quoting 20 C.F.R. § 404.970(b)). "The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b). "The new evidence is material, and thus warrants a remand, if 'there is a reasonable possibility that the new evidence would change the administrative outcome.'" See Flowers v. Comm'r of Soc. Sec., 441 F. App'x 735, 745 (11th Cir. 2011) (citation omitted).

"When a claimant properly presents new evidence, and the Appeals Council denies review, the Appeals Council must show in its written denial that it has adequately evaluated the new evidence." Id. (citing Epps v. Harris, 624 F.2d 1267, 1273 (5th Cir. 1980)). "If the Appeals Council merely 'perfunctorily adhere[s]' to the ALJ's decision, the Commissioner's findings are not supported by substantial evidence and we must remand 'for a determination of [the claimant's] disability eligibility reached on the total record.'" Id. (alteration in original). "Sentence six [of § 405(g)] allows the district court to remand to the Commissioner to consider previously unavailable evidence; it does not grant a district court the power to remand for reconsideration of evidence previously considered by the Appeals Council." Ingram, 496 F.3d at 1269. "A sentence four remand is appropriate when 'evidence properly presented to the Appeals Council has been considered by the Commissioner and is part of the administrative record.'" Barclay v. Comm'r of Soc. Sec. Admin., 274 F. App'x 738, 744 (11th Cir. 2008).

9

"When a claimant submits new evidence to the [Appeals Council, or] AC, a reviewing court must consider the entire record, including the evidence submitted to the AC, to determine whether the denial of benefits was erroneous." Id. at 743 (citation omitted). A "federal district court must consider evidence not submitted to the [ALJ] but considered by the Appeals Council when that court reviews the Commissioner's final decision denying Social Security benefits." Ingram, 496 F.3d at 1258. "The new evidence must relate back to the time period on or before the date of the ALJ's decision." Barclay, 274 F. App'x at 743-44 (citing 20 C.F.R. § 404.970(b)). "In evaluating the necessity for a remand, we are guided by whether the record reveals evidentiary gaps which result in unfairness or clear prejudice." Robinson v. Astrue, 365 F. App'x 993, 999 (11th Cir. 2010) (citation omitted). "The likelihood of unfair prejudice may arise if there is an evidentiary gap that 'claimant contends supports her allegations of disability.'" Id. (citation omitted).

Plaintiff's evidence is chronologically relevant. The relevant dates in this case range from February 8, 2009, Plaintiff's alleged onset date, to December 7, 2011, the day the ALJ issued the decision. (Doc. 7-2, pp. 66-67). The Appeals Council determined that the new evidence concerning the time from January 9, 2012 through April 24, 2012, "does not affect" the ALJ's decision about whether Plaintiff was disabled on or before December 7, 2011. Id. at 3. The only evidence Plaintiff submitted prepared before the ALJ's decision is the Gateway Behavioral Health Services, Adult Behavioral Health Assessment, completed on October 31, 2011. (Doc. 9-1, pp. 2-14).[2]

---

[2] The Court does not suggest that this record is the only chronologically relevant evidence to the exclusion of Plaintiff's remaining evidence. On remand, the Appeals Council may find that these remaining records also "relate" to the period before the ALJ's decision. See 20 C.F.R. § 404.970(b).

The new evidence is material. The October 31, 2011, Adult Behavioral Health Assessment completed by Thomas L. Wilson, L.P.C., contains a clinical impression of "grief/loss-depressive symptoms; r/o PTSD [Post Traumatic Stress Disorder] symptoms." Id. at 12. The record also demonstrates that Plaintiff needed a physician assessment and coping skills. Id. Because Plaintiff later submitted objective evidence supporting her allegations of depression, there is a reasonable possibility that the new evidence would change the ALJ's decision concerning whether to obtain a psychiatrist or psychologist opinion or a consultative examination. There is also a reasonable possibility that the ALJ would have more fully credited Plaintiff's testimony and that the new evidence would change the ALJ's determination of disability. See id. ("there is a reasonable possibility that the ALJ would have more fully credited their testimony if he had seen this new evidence. Given the materiality of [the] new evidence . . . failure to evaluate it, alone, requires us to remand.[.]"). Because there is a reasonable possibility that the new evidence would change the administrative outcome, this evidence is material and should be evaluated.

Plaintiff asserts that the Appeals Council decision refers only to reports dated from January to August 2012, and makes no reference to the report from October 31, 2011. The Appeals Council acknowledged the receipt of the October 31, 2011 record and made it part of the record. (Doc. 7-2, p. 7). In its notice, the Appeals Council stated that it considered "the additional evidence listed on the enclosed Order of Appeals Council." Id. at 3. On the Order of Appeals Council, the October 31, 2011 record is listed. Id. at 7. Plaintiff is correct that the Appeal Council's decision does not specifically refer to that record by title or date, but the order does acknowledge the

evidence and states that the evidence was considered and incorporated it into the record.

However, when the Appeals Council only acknowledges that Plaintiff submitted new evidence and states that it has considered such evidence but makes "no further mention of it or attempt to evaluate it," the evidence was not adequately considered. Flowers, 441 F. App'x at 740, 745. The failure to evaluate material evidence requires the Court to remand the case to the Appeals Council "for a disability determination based 'on the total record.'" Id. at 747 (citation omitted). Here, the Appeals Council did not adequately consider the new, material, and chronologically relevant evidence; therefore, remand is warranted. Because the evidence was not previously unavailable, but "properly presented to the Appeals Council . . . and is part of the administrative record, that evidence can be the basis for only a sentence four remand, not a sentence six remand." Ingram, 496 F.3d at 1269 (citation omitted).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that this case be **REMANDED** to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings consistent with this opinion.

**SO REPORTED** and **RECOMMENDED**, this 27th day of May, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)